UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL ZACKERY, | No. 2:20-cv-0018-EFB-P |
| Plaintiff, | |
| v. | ORDER |
| LAURA ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court screened plaintiff's original complaint on March 14, 2020, found that plaintiff had failed to state sufficient facts to support his claims, and directed plaintiff to file an amended complaint. ECF No. 7. Plaintiff has filed an amended complaint, which is before the court for screening under 28 U.S.C. § 1915A. ECF No. 10.

I.   Screening

A.   Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

        B.   <u>Factual Allegations</u>

Plaintiff alleges that he was using a pull-up bar on the exercise yard of the California Health Care Facility, Stockton ("CHCF") on February 19, 2019 and the bar broke, causing plaintiff to fall on his back and head on the hard cement ground and sustain injuries.  ECF No. 10 at 9.  According to plaintiff, defendant Laura Eldridge, warden of CHCF at the time, "neglected or fail[ed] to check her facility and facility exercise equipment for normal use, or to have it checked by plaint operations of the prison officials."  *Id.*  Plaintiff alleges that "any responsible person" in Eldridge's position would have "checked for safety on a daily basis" to make sure the exercise equipment was functioning properly.  *Id.*

1    Plaintiff also sues Marco Zeer, who he alleges assembled and maintained the pull-up bars.
2    *Id* at 10.  Plaintiff claims that Zeer installed the bars incorrectly "and/or did no tests, checks or
3    maintenance" on the bars for months or years.  *Id.*  If Zeer had monitored it properly, plaintiff
4    claims that the bar would not have broken.  *Id.*

        C.  <u>Analysis</u>

6    Plaintiff alleges that Eldridge and Zeer, through the facts recited above, violated his
7    Eighth Amendment rights to "personal safety" and to be free from deliberate indifference.
8    The Eighth Amendment entitles prisoners to an adequate level of personal safety.
9    *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  An inmate who alleges that he was
10   subjected to an unsafe condition in violation of the Eighth Amendment must state facts sufficient
11   to satisfy the familiar "deliberate indifference" standard; i.e., he must allege that the defendant
12   prison officials (1) subjected him to a substantial risk of serious harm with (2) subjective
13   awareness of the risk.  *Farmer v. Brennan*, 511 U.S. 825, 834, 838 (1994).  "[A]n official's
14   failure to alleviate a significant risk that he should have perceived but did not" does not amount to
15   deliberate indifference.  *Id.* at 838.
16   There are no allegations in the amended complaint from which a factfinder could infer
17   that defendants were aware that the pull-up bar posed a risk of harm to plaintiff.  An Eighth
18   Amendment claim cannot be predicated solely on negligence in failing to perform regular
19   inspections.  *See, e.g., Benson v. Caddy*, 761 F.2d 335, 340 (7th Cir. 1985); *Million v. Grounds*,
20   No. 5:14cv11, 2015 U.S. Dist. LEXIS 125020, at *12 (E.D. Tex. Aug. 19, 2015).
21   The court will provide plaintiff one last opportunity to amend the complaint to attempt to
22   state viable claims against defendants.
23   If plaintiff elects to file a second amended complaint, that pleading must identify as a
24   defendant only persons who personally participated in a substantial way in depriving him of a
25   federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person
26   subjects another to the deprivation of a constitutional right if he does an act, participates in
27   another's act or omits to perform an act he is legally required to do that causes the alleged
28   deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

II.     Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend within 30 days from the date of service of this order.

2. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: May 13, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE