UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL ZACKERY, | No. 2:20-cv-0018-EFB P |
| Plaintiff, | |
| v. | ORDER |
| LAURA ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After two dismissals by the court (ECF Nos. 7 & 11), plaintiff has filed a second amended complaint (ECF No. 16), which the court must screen. Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> Plaintiff alleges he suffered injuries on February 19, 2019, when the pull-up bar he was using broke, causing him to fall back and hit his back, hip, and head

1

on the cement ground. ECF No. 1 at 9. He claims that if defendant Marco Zeer, the supervisor of plant operations at the California Health Care Facility, "would have monitored his staff and the exercise pull-up bars properly, the bars would have not have broke[n] while plaintiff was using [them]." *Id.* at 2, 10. Plaintiff adds that defendant Warden Laura Eldridge failed in her capacity as a supervisor to keep the institution safe "with checks and balances." *Id.* at 12. Plaintiff claims defendants violated his Eighth Amendment right to personal safety, his right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to due process. *Id.* at 14-15.

> These allegations cannot survive screening. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.* at 844.
>
> Even liberally construed, the complaint does not state a claim for an Eighth Amendment violation as there are no facts supporting a finding of deliberate indifference. Moreover, a simple claim of negligence is not actionable under the Eighth Amendment. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *see also Thompson v. McMahon*, No, EDCV 12-1020-FMO (JEM), 2013 U.S. Dist. LEXIS 132266 (C.D. Cal. Sept. 16, 2013) (negligence claim arising from prisoner's fall at work not elevated into a federal cause of action; listing similar cases); *Brown v. Brasher*, No. CIV S-10-0479-MCE-EFB, 2012 U.S. Dist. LEXIS 24379 (E.D. Cal. Feb. 27, 2012) (mobility impaired inmate's claim regarding slipping and falling in a puddle caused by a water leak could only support a tort claim of negligence). Here, plaintiff's allegations that the pull-up bar broke while he was using it demonstrate negligence at worst. There are no facts demonstrating that any individual defendant knew of an objectively serious risk to plaintiff – i.e., that plaintiff would be using the bar and that the bar was likely to break -- and disregarded that risk.

ECF No. 7 at 3-4.

In his second amended complaint, plaintiff now alleges that the officer assigned to the recreation area when plaintiff was injured had previously been made aware by a "inmate/patient John Doe" that the pull up bar "should be checked for possible repair . . . ." ECF No. 16 at 5, 10.

This new allegation is not enough to transform a traditional state law negligence claim into a constitutional violation.  *See Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985) ("Not every deviation from ideally safe conditions amounts to a constitutional violation."); *Pauley v. California*, No. 18-cv-2595-KJN, 2018 U.S. Dist. LEXIS 193388, at *10 & n.1-2 (E.D. Cal. Nov. 13, 2018) (listing cases involving prisoner injuries resulting from poorly maintained facilities and noting that courts have generally concluded that their claims sound in negligence, even where the hazard had been known to prison officials).  In an abundance of caution, however, the court will grant plaintiff another chance to amend.  If plaintiff can show that the correctional officer was warned that the pull-up bar posed a specific and *excessive risk* to plaintiff's safety – as opposed to receiving a vague suggestion from an unidentified inmate that the bar *might* need an unspecified repair –  the allegations could potentially survive screening.  *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998), citing *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (inmates entitled to protection from unsafe prison conditions).

        Accordingly, IT IS ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 16) is dismissed with leave to amend within 30 days from the date of service of this order; and
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED:  September 29, 2020.

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE